**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**YOUTH FOR CHRIST USA, INC.,**

**Plaintiff,**

**Civil Action No. 01-CV-1464 (PAM/JGL)**

**vs.**

**YOUTH FOR CHRIST/TWIN CITIES AREA, TIM BETTENGA AND MARK G. HUBER,**

**Defendants.**

---

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff Youth For Christ USA, Inc. ("YFC/USA") having filed its Complaint herein on August 10, 2001, and defendants Youth For Christ/Twin Cities Area ("YFC/Twin Cities") and Mark G. Huber (YFC/Twin Cities and Huber are collectively referred to herein as "DEFENDANTS"), each having consented to the entry of this Consent Judgment and Permanent Injunction, and each acknowledging that Defendant Tim Bettenga is not a party to this Consent Judgment and Permanent Injunction, agree that it is binding on the parties to this Consent Judgment and Permanent Injunction, the parties' officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive notice thereof:

**NOW, THEREFORE, UPON CONSENT OF THE PARTIES HERETO, IT IS FOUND, ORDERED, ADJUDGED AND DECREED** that final judgment be entered as follows:

2140253v3

FILED NOV 13 2001
RICHARD SLETTEN, CLERK
JUDGMENT ENTD. NOV 13 2001
DEPUTY CLERK

1. This Court has jurisdiction over the parties hereto and has jurisdiction over the subject matter of Plaintiff's claims for relief pursuant to 28 U.S.C. §§ 1121, 1131, 1138(a) and 1138(b), and has supplemental jurisdiction over the claims under Minnesota law pursuant to 28 U.S.C, § 1367(a). Venue is proper in this district.

2. YFC/USA is the owner of several trademarks and service marks (the "YFC/USA marks") that it uses to offer and promote its ministry, services and goods including the following federal Trademark Registrations: Registration No. 2,378,509 for the mark YOUTH FOR CHRIST; Registration No. 2,378,508 for YOUTH FOR CHRIST INTERNATIONAL; Registration No. 2,357,541 for YFC; Registration No. 2,318,108 for the YFC logo:

Registration No. 2,356,639 for YOUTH GUIDANCE and Registration No. 1,997,075 for PROJECT SERVE and design. Each of these registrations is valid, subsisting, enforceable, in full force and effect, and is incontestable in accordance with the provisions of 15 U.S.C. § 1065.

3. YFC/USA is also the owner of a number of other marks, including common law marks, as well as the mark REALITY CAFÉ, which it uses for an Internet program for youth.

4. YFC/USA and its founders have performed youth ministry and related services such as religious, charitable and educational work, and offered related goods using the YFC/USA marks, amongst others. The YFC/USA marks serve to identify and indicate the source of YFC/USA's

services and related goods to the public; moreover, the YFC/USA marks distinguish YFC/USA's services and related goods from those of other entities and organizations.

5. Since the date of issuance of the aforesaid registrations, YFC/USA has continued to use said trademarks in interstate commerce. As a result of YFC/USA's use and promotion of the YFC/USA marks in Minnesota and throughout the United States, YFC/USA has developed valuable goodwill in the YFC/USA marks. The YFC/USA marks represent services and related goods indicative of YFC/USA's commitment to providing high quality youth ministry, related goods and related services.

6. YFC/USA has acquired valuable common law rights in the YFC/USA marks.

7. YFC/Twin Cities was a Chapter Affiliate of YFC/USA for many decades, but the relationship was terminated by YFC/USA on January 9, 2001, and effective January 12, 2001, for various reasons, including failure to comply with the terms of the Charter Covenant and failure to pay participation fees (which includes trademark license fees), insurance premiums, workers' compensation and health care premiums, amongst other things.

8. When the charter of YFC/Twin Cities was revoked by YFC/USA, DEFENDANTS were expressly instructed in writing to cease all use of all YFC/USA marks.

9. Despite the termination of its status as a YFC/USA Chapter Affiliate and termination of its trademark license, DEFENDANTS continued to use the YFC/USA marks. DEFENDANTS' campaign and variations thereof, and its unauthorized use of the YFC/USA marks generally, have caused actual confusion, and are likely to cause confusion, mistake, and deception, in violation of 15 U.S.C. §§ 1114 and 1125. DEFENDANTS' unauthorized use of the YFC/USA marks thus enables them to trade on and receive the benefit of the goodwill built up at great labor and expense over many years by YFC/USA, and to gain acceptance for their services

and related goods not solely on their own merits, but on the reputation and goodwill of YFC/USA and its marks.

10. The acts of DEFENDANTS complained of herein and in the Complaint constitute trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1).

11. The acts of DEFENDANTS complained of herein and in the Complaint constitute unfair competition and false advertising under Section 43(a) of the Lanham Act, 15U.S.C. § 1125.

12. The acts of DEFENDANTS complained of herein and in the Complaint constitute trademark infringement under the common law of Minnesota.

13. The acts of DEFENDANTS complained of herein and in the Complaint constitute unfair competition under the common law of Minnesota

14. The acts of DEFENDANTS complained of herein and in the Complaint constitute deceptive trade practices under the Minnesota Deceptive Trade Practices Act (Minn. Stat. § 325D.44).

15. The acts of DEFENDANTS complained of herein and in the Complaint constitute unlawful trade practices under Minn. Stat. § 325D.09, et. seq. and Minn. Stat. § 8.31, subd. 3a.

16. The acts of DEFENDANTS complained of herein and in the Complaint constitute unjust enrichment under common law.

17. The acts of DEFENDANTS complained of herein and in the Complaint, including the failure to comply with the terms of the Charter Covenant and the failure to pay participation fees (which includes trademark license fees), insurance premiums, workers compensation and health care premiums, constitute breaches of contract.

18. Money Damages. YFC/Twin Cities shall pay to YFC/USA $45,601.12 in satisfaction of outstanding fees (which includes trademark license fees), insurance premiums, workers compensation and health care premiums owed to YFC/USA.

19. Injunctive Relief. DEFENDANTS, their directors, owners, officers, agents, servants, employees, and attorneys, and all those in privity and/or in active concert or participation with DEFENDANTS, are permanently enjoined and restrained from infringing upon the YFC/USA marks or using any colorable imitation thereof, including, but not limited to, the YOUTH FOR CHRIST mark, in any manner, directly or indirectly, and from marketing, advertising, labeling, promoting, exploiting, providing services or selling products or any similar or related goods or services, in connection with the YFC/USA marks, alone or in conjunction with any other word(s), design(s) or symbol(s), or any colorable imitation of the YFC/USA marks, and from representing or attempting to pass off DEFENDANTS' services and/or goods as the those of YFC/USA, or sponsored or approved by YFC/USA, and from engaging in unfair competition against YFC/USA. YFC Twin Cities shall, within thirty (30) days after the entry of this Judgment, change its corporate name to delete any reference to "Youth for Christ."

20. Within 30 days after entry of this Judgment, each of the DEFENDANTS shall destroy or deliver to YFC/USA's counsel any and all letterhead, cards, brochures, envelopes, products, labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing YFC/USA's marks, separately or in conjunction with any other word(s), design(s) or symbol(s), or any reproduction, counterfeit, copy, or colorable imitation of the marks, and all plates, molds, matrices, and other means of making the same, which may be in his or its possession, custody or control.

21. Each of the DEFENDANTS shall serve upon YFC/USA, within thirty (30) days after the date of this Consent Judgment and Permanent Injunction, a report in writing and under oath setting forth in detail the manner and form in which DEFENDANTS have complied with this Consent Judgment and Permanent Injunction.

22. DEFENDANTS shall not knowingly permit or encourage, directly or indirectly, conduct on the part of anyone which circumvents or contravenes DEFENDANTS' obligations hereunder. DEFENDANTS shall promptly give YFC/USA notice of any such conduct of which it becomes aware, and shall cooperate with YFC/USA's reasonable requests for information concerning anyone found to have engaged in such conduct, and shall assist YFC/USA in terminating such conduct.

23. This Consent Judgment and Permanent Injunction are a final adjudication on the merits. In the event of future disputes between the parties, this Consent Judgment and Permanent Injunction shall be *res judicata* and shall have collateral estoppel effect, including, for example, as to the validity and enforceability of YFC/USA marks.

24. The injunctive relief granted herein applies to activities in the United States and activities outside the United States which have an effect on commerce which may be lawfully regulated by Congress.

25. The Court shall retain jurisdiction to construe, inform, implement and enforce this Consent Judgment and Permanent Injunction upon the application of any party.

26. The Clerk is directed to enter this final judgment forthwith.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:

Dated: November 9, 2001

The Honorable Paul A. Magnuson
United States District Judge

YFC/USA and DEFENDANTS hereby consent to the entry of the foregoing judgment and permanent injunction, and waive any right to appeal:

YOUTH FOR CHRIST USA, INC.

Dated: 10-31-01

By
Its Executive President

YOUTH FOR CHRIST/TWIN CITIES AREA

Dated: October 26, 2001

By
Its CHAIRMAN OF THE BOARD OF DIRECTORS

Dated: October 26, 2001

Mark G. Huber

2140253v3

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:

Dated:__________

____________________
The Honorable Paul A. Magnuson
United States District Judge

YFC/USA and DEFENDANTS hereby consent to the entry of the foregoing judgment and permanent injunction, and waive any right to appeal:

YOUTH FOR CHRIST USA, INC.

Dated: 10-31-01

By ____________________
Its Executive President

YOUTH FOR CHRIST/TWIN CITIES AREA

Dated: October 26, 2001

By ____________________
Its CHAIRMAN OF THE BOARD OF DIRECTORS

Dated: October 26, 2001

____________________
Mark G. Huber

2140253v3

Approved as to form:

Dated: 10-31-01

Jerry S. Podkopacz
LEONARD, STREET AND DEINARD -
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone (612) 335-1500

**ATTORNEYS FOR PLAINTIFF**
**YOUTH FOR CHRIST USA, INC.**

Dated: 10-26-01

D. Sherwood McKinnis
LINDBERG & McKINNIS, P.A.
2211 S. Main Street
Cambridge, MN 55008
Telephone: (763) 689-9596

**ATTORNEYS FOR DEFENDANT**
**MARK G. HUBER**